IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR127 |
| vs. | |
| VICTOR PHILLIPS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 47.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

The Defendant entered a plea of guilty to Count I of the Indictment, charging him with possession with intent to deliver 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). He was sentenced on December 9, 2019, to a term of 70 months imprisonment and five years of supervised release. He waived his right of appeal in his plea agreement and did not file any appeal. The pending Motion is the Defendant's first motion under § 2255, and it was timely filed.

In his § 2255 Motion, the Defendant asserts that his counsel was ineffective for advising him to enter a plea of guilty to avoid the potential filing of notices of prior convictions pursuant to 21 U.S.C. §851. He also asserts that his counsel was ineffective for failing to file a motion to suppress evidence—the cocaine—found during a traffic stop. He contends there was no probable cause for the search of his vehicle.

## DISCUSSION

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) (citing *Strickland*, 466 U.S. at 694).

"A § 2255 petitioner is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief.'" *Dat v. United States*, 920 F.3d 1192, 1193–94 (8th Cir. 2019) (quoting 28 U.S.C. § 2255(b)). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions,

2

or would not entitle the petitioner to relief." *Id.* at 1194 (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

The Defendant's Motion will not be dismissed, and the Court will direct the United States Attorney for the District of Nebraska to file a response to the Motion.

Accordingly,

IT IS ORDERED:

1. The United States Attorney for the District of Nebraska will respond to the Defendant's Motion on or before June 12, 2020; and

2. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 21st day of May 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge