IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>VICTOR PHILLIPS,<br><br>                Defendant. | 8:19CR127<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's "Motion to Reduce Sentence Pursuant to 18 USC 3582(c)(1(A)(i)," ECF No. 55.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;
           . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Defendant has submitted evidence suggesting that he submitted a letter to his Warden, dated May 20, 2020, seeking compassionate release, which was denied by the Warden on May 29, 2020. The Defendant also asserts that he suffers from asthma and would be vulnerable to adverse effects if exposed to the coronavirus in a correctional facility.

The Defendant was sentenced on December 9, 2019, to a term of 70 months incarceration and five years of supervised release, following his pleas of guilty to the charge of possession with intent to distribute cocaine (2.2 pounds), in violation of 21 U.S.C. § 841(a)(1) & (b)(1). His criminal history is lengthy and violent. See Presentence Investigation Report, ECF No. 41, Page ID 70-74.

The Defendant is currently housed at the Bureau of Prisons Federal Correctional Facility at Pekin, Illinois. As of the date of this Memorandum and Order, only one person at that facility has tested positive for the coronavirus. *See* https://www.bop.gov/coronavirus/.

Even if the Court accepts as true the Defendant's assertions regarding his health condition and the exhaustion of his administrative remedies, the factors the Court must consider under 18 U.S.C. § 3553(a) preclude an order of compassionate release under 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of the Defendant's offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty

of similar conduct, all weigh against a reduction of the Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A).

Accordingly,

IT IS ORDERED:

1. The Defendant's "Motion to Reduce Sentence Pursuant to 18 USC 3582(c)(1(A)(i)," ECF No. 55, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 9th day of July 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge