IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR127 |
| v. | |
| VICTOR PHILLIPS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Victor Phillips's ("Phillips") pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 47). For the reasons stated below, the motion is denied, and no certificate of appealability will issue.

I. BACKGROUND

On April 17, 2019, a federal grand jury charged Phillips with possession with intent to distribute cocaine. The Court appointed counsel to represent Phillips. On September 16, 2019, Phillips pled guilty pursuant to a written plea agreement. On December 9, 2019, Phillips was sentenced to a term of 70 months, with a term of five years of supervised release to follow.

On May 11, 2020, Phillips filed a timely pro se § 2255 motion alleging two grounds of ineffective assistance of counsel. On July 24, 2020, the government filed its opposition to Phillips's motion, arguing he has not successfully stated a claim of ineffective assistance of counsel. Phillips filed his reply on November 16, 2020.

II. DISCUSSION

A. Standard of Review

Section 2255(a) allows a prisoner in custody pursuant to a sentence imposed by a federal judge to move to vacate, set aside, or correct his sentence if the sentence was

imposed "in violation of the Constitution or the laws of the United States." Under § 2255(b), the Court should conduct a hearing on Phillips's motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." "No hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (explaining a hearing is unnecessary "[i]f it is apparent from the face of the motion and supporting record that" the motion is untimely).

### B. Allegations of Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea negotiations, sentencing, and appeal. *See* U.S. Const. amend. VI; *Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1964 (2017). Phillips argues his court-appointed counsel was unconstitutionally ineffective for advising him to enter a plea of guilty to avoid the potential filing of notices of prior convictions pursuant to 21 U.S.C. § 851 and to receive a reduction in total offense level for acceptance of responsibility. Phillips also argues his court-appointed counsel was ineffective in failing to file a motion to suppress the cocaine found during the traffic stop.[1]

To establish ineffective assistance of counsel, a prisoner must meet the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), by showing counsel's representation was both deficient and prejudicial. *Id*. at 687-88 (explaining counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the

---

[1]Phillips has filed a communication with the Court stating that counsel was ineffective for failing to move to suppress the marijuana, not the cocaine, found during the traffic stop. No marijuana was entered into evidence at any stage of these proceedings. Phillips apparently intends to argue that the basis for the search was unconstitutional, and the cocaine should have been suppressed.

defendant by the Sixth Amendment"). In other words, the prisoner must show his "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 688, 694.

The prisoner's burden is a heavy one. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). He must overcome "a strong presumption that [his] counsel's conduct falls within the wide range of reasonable professional assistance" and could be considered sound strategy. *Strickland*, 466 U.S. at 689. "It is not sufficient for [him] to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693). Phillips does not meet his burden.

### 1. Advice Regarding Plea

Phillips's first asserted ground of ineffective assistance of counsel is that his counsel misled him regarding the government's ability to file notices of prior conviction pursuant to 21 U.S.C. § 851. He also alleges he was misled by counsel because she advised him to plead guilty immediately in order to receive a two plus one reduction under the guidelines. U.S.S.G. § 3E1.1.

Counsel explained to Phillips that if the government filed a § 851 notice, Phillips's mandatory minimum sentence could be ten years rather than five. This is an accurate statement of 21 U.S.C. §§ 841(b)(1)(B); 851. According to the Presentence Investigation Report ("PSR") (Filing No. 41), Phillips had prior felony convictions for aggravated battery with great bodily harm and possession of a controlled substance. Given the information known to Phillips's counsel, it was not impermissible for counsel to inform Phillips of the effect these convictions could have had on his sentence. Additionally, Phillips was granted the cumulative three-level reduction pursuant to U.S.S.G. § 3E1.1.

"While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Although the weight of counsel's advice might have influenced Phillips's decision to plead guilty, it was permissible to give it. Therefore, the first ground of ineffective assistance of counsel is dismissed.

### 2. Motion to Suppress

Phillips's second asserted ground of ineffective assistance of counsel is his counsel's failure to file a motion to suppress.

> Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.

*Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

In the Eighth Circuit, the smell of marijuana constitutes probable cause for an officer to search a vehicle for drugs. *See United States v. Peltier*, 217 F.3d 608, 610 (8th Cir. 2000) (citing *United States v. McCoy*, 200 F.3d 582, 584 (8th Cir. 2000) (per curiam); *United States v. Neumann*, 183 F.3d 753, 756 (8th Cir. 1999); *United States v. Caves*, 890 F.2d 87, 90-91 (8th Cir. 1989)). "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." *United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (quoting *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)).

According to the plea agreement, agreed to by Phillips, and the PSR, to which Phillips did not object,[2] "on or about February 28, 2019, law enforcement conducted a traffic stop. Upon approaching the vehicle, the officer smelled marijuana. A probable cause search was conducted. While searching the vehicle, a kilo (or approximately 2.2 pounds) of cocaine was discovered in the back compartment area of the driver's seat."

The record establishes that there was probable cause for the search, and a motion to suppress would not have been meritorious. Therefore, Phillips is not entitled to an evidentiary hearing, and his § 2255 motion is denied in its entirety.[3]

C. **Certificate of Appealability**

Before he can appeal the denial of his motion, Phillips must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because Phillips has not shown that the outcome of his motion is reasonably debatable, is susceptible to a different conclusion, or deserves further review, the Court will not issue a certificate of appealability.

---

[2]Phillips did not object to the factual basis prior to entering his plea of guilty, nor does he specifically refute in his § 2255 motion that the officer smelled marijuana during the traffic stop.

[3]Were the Court to grant Phillips an evidentiary hearing, it would incentivize gamesmanship in plea negotiations. A defendant would be encouraged to accept a factual basis in the plea agreement, take advantage of the reduced offense level due to his acceptance of responsibility, and later file a § 2255 motion and relitigate the motions to suppress which his counsel otherwise might have filed. As Phillips accepted the factual basis of the plea agreement and PSR, the officer's predicate to search his vehicle is part of the record which "affirmatively refutes the factual assertions upon which [Phillips's motion] is based.'" *Watson*, 493 F.3d at 963 (quoting *Shaw*, 24 F.3d at 1043).

5

Based on the foregoing,

IT IS ORDERED:

1. Defendant Victor Phillips's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 47) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered.
4. The Clerk of Court is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 9th day of December 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge